SUCCESSION OF CRIADO, PLAINTIFF AND APPELLEE, *v.* RIVERA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action to Annul a Deed and its Record in the Registry of Property, and for Damages.

MOTION by the Plaintiff-Appellee for Dismissal of the Appeal.

No. 1675.—Decided May 20, 1917.

APPEAL—JURISDICTION—MOTION.—When a judgment is appealed from the Supreme Court acquires jurisdiction to decide whether the appeal was brought and perfected in due time and form, and the question may be raised by a motion of the interested party.

ID.—ID.—STIPULATION—EXTENSION OF TIME.—A district court is without juris-
diction to approve a stipulation between the parties that the appellant be
granted time to file his statement of the case when said stipulation is filed
after the expiration of an extension of time previously granted for that pur-
pose.

ID.—STIPULATION—EXTENSION OF TIME.—It is the province of the court, and not
of the attorneys, to extend the time fixed for filing the bill of exceptions and
statement of the case, and although the court generally approves the stipu-
lations of the attorneys for the parties on this point, it is not bound to do so.

ID.—STATEMENT OF CASE—TRANSCRIPT.—When the statement of the case has not
been filed in time and the transcript of the record has not been filed in the
office of the secretary of the Supreme Court before the expiration of the time
fixed therefor, the appeal will be dismissed.

The facts are stated in the opinion.

*Mr. Francisco Parra Capó* for the appellant.

*Messrs. López de Tord & Zayas Pizarro* and *R. Rivera
Zayas* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On February 16, 1917, the District Court of Ponce ren-
dered judgment in an action brought by the Succession of
Miguel Criado y Blas against Juan María Rivera and an-
other for annulment of title. The complaint was sustained
and judgment was entered on February 20th. Notice thereof
was given to the defendants on the 21st of the same month.
On March 21, 1917, the defendants filed their notice of appeal
and on the 29th moved that the time fixed by law for filing
the statement of the case be extended to thirty days. The
court sustained the motion and on April 20, 1917, the last
day of the extended period, the attorneys for both parties
signed a stipulation agreeing that the defendant-appellants
should be allowed an inextensible period of until May 5,
1917, within which to file their statement. The said stipula-
tion was filed on April 21 and approved by the district court
on the same day.

Based on the foregoing facts, which are shown by a cer-
tificate issued by the secretary of the District Court of Ponce,
the plaintiff-appellee moves this court to dismiss the appeal
on the ground that the district court acted without jurisdic-

tion in approving on April 21 the stipulation of the parties for an extension of time.

The appellants objected, alleging that besides filing the motion for dismissal in this court the appellee had moved the district court to set aside its order approving the stipulation of the attorneys, and that by its decision of May 1, 1917, a certified copy of which is exhibited, the court had overruled the said motion, for which reason the statement of the case was still pending approval in the district court. And the appellants further contend that this court cannot annul the stipulation or its approval except by virtue of an appeal or writ of certiorari to review the ruling of the lower court.

On the 7th of this month a hearing was had on the appellee's motion, only the appellee's attorney appearing, and the case was finally submitted for our consideration and decision.

An appeal having been taken from the judgment rendered by the district court, this court has jurisdiction to decide, on motion of the interested party, whether the appeal was taken and perfected in due time and form. We agree with the appellants that in a case like the present the better plan would have been to apply to this court for a writ of certiorari, but as the motion of the appellee was accompanied by the necessary documents and as the appellants had an opportunity to defend themselves and to present their case fully, as they have done, we are in a position to consider and decide the essential question raised by the appellee and should not refuse to do so. See *Ex parte Deliz et al.* v. *Franco,* 21 P. R. R. 498.

The first paragraph of section 299 of the Code of Civil Procedure, as amended in 1911, which is the law applicable to the case, reads as follows:

"After filing an appeal from a judgment of a district court, the appellant must, within ten days from the date of the filing thereof, or of the extension of time in case the same should be granted by the court, present to said court a statement, a copy of which shall

be served at the same time on the adverse party, stating the exceptions taken during the course of the proceedings and a summary of the case.''

Therefore the time prescribed by law is ten days, the court having authority to extend this time according to the attendant circumstances.

It is the court and not the attorneys who can extend the time fixed by the statute. Generally the court approves the stipulations made by the attorneys for the parties, but this does not mean that it is obliged to do so. In the case of *González* v. *Acha*, 19 P. R. R. 1146, we said: ''It is a well-established rule that after a period of time has expired it cannot be extended. The extension should be applied for before the expiration of the period. It is likewise well established that agreements between attorneys as to extensions of time are not binding on the courts.''

In the present case the district court admitted and approved the stipulation, but was it empowered to do so, as it did on April 21, after the extension of time granted by it had expired? If the stipulation had been filed in the office of the secretary within the extended period, the court would have had that authority; but having been filed after the expiration of said period, the court had clearly lost its jurisdiction and, therefore, everything done by it may be disregarded as null and void.

This question has already been decided so conclusively by this court that only by amending the rule laid down in the case of *Pardo* v. *Pardo*, 19 P. R. R. 1125, and ratified in *Ex parte Deliz et al.* v. *Franco, supra,* could we overrule the contention of the appellee.

Therefore, as the extension granted can have no effect, it follows that the statement of the case was not filed in time and, consequently, that the appeal should be dismissed; for as there was no statement of the case the time for filing the record expired thirty days after the appeal was taken. See last paragraph of section 299 of the Code of Civil Procedure,

as amended in 1911, and section 303 of the same code; Rule 40 of the Supreme Court, 17 P. R. R. LXX; *Ciuro* v. *Ciuro,* 20 P. R. R. 36; *Ex parte Deliz et al.* v. *Franco, supra.* The appeal was taken on March 21, 1917. The time expired on April 20, 1917. The motion for dismissal was filed in this court on April 23, 1917, and neither on that date nor on May 7, when the hearing on the motion was held, nor up to the present, has the appellant filed the transcript of the record in the office of the secretary of this court.

The appeal should be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.